UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | CRIMINAL ACTION NO. |
| v. | : | 3:08-cr-4 (JCH) |
| | : | |
| MAURIEL GLOVER, ET AL. | : | OCTOBER 21, 2008 |
| | : | |
| Defendants. | : | |

**ORDER DENYING MOTIONS TO DISMISS SUPERSEDING INDICTMENT [Docs. No. 457, 461, 462, 466, 467, 470, 476, 477, 480]**

On December 11, 2007, defendants Mauriel Glover, Roshaun Hoggard, and Robert Rawls were charged by criminal complaint under 21 U.S.C. § 846 with Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base. On January 8, 2008, seventeen defendants, including Glover, Hoggard, and Rawls, were indicted under 21 U.S.C. §§ 841(a)(1) and 846 with Conspiracy to Distribute 50 Grams or More of Cocaine Base, and Possession of Cocaine Base With Intent to Distribute. On September 23, 2008, the grand jury returned a superseding indictment with two conspiracy counts, each applicable to a subset of the original 17 defendants.[1] On September 25, 2008, after hearing counsel speak on the issue at a status conference, the court announced that it would try Counts One and Two of the superseding indictment separately, and would try Count Two in two separate trials due to the number of defendants charged in that Count.

Various defendants now move to dismiss the Superseding Indictment. Among

---

[1] Only one defendant, Genero Marte, appears in both counts.

-1-

them, they make several arguments. First, defendants argue that the government has failed to comply with the requirement of the Speedy Trial Act that defendants be tried within 70 days of indictment or the defendant's first appearance before a judicial officer, whichever is later.  See 18 U.S.C. § 3161(c)(1).  Second, they argue that, because of the delay between the filing of the indictment and superseding indictment, the superseding indictment should be dismissed.  Defendant Rawls in particular argues that because of the "similarity and identical character" of the two indictments, the superseding indictment violates the Speedy Trial Act because it was not filed within thirty days of arrest.  See 18 U.S.C. § 3161(b).  Relatedly, Defendant Rawls argues that the changes between the first and second "identical" indictments, namely the replacement of one conspiracy count with two conspiracy counts, has "change[d] the manner in which these defendants prepare for and conduct a trial," and thus warrants dismissal.

I.      COMPLIANCE WITH THE SEVENTY-DAY REQUIREMENT

"The Speedy Trial Act . . . requires that a trial commence within 70 days of the indictment or arraignment thereon, whichever occurs later." United States v. Kelly, 45 F.3d 45, 47 (2d Cir. 1995) (citing 18 U.S.C. § 3161(c)(1)).  But the Act provides that "certain periods of delay" are excluded from computation of the seventy-day limit. Id. (citing 18 U.S.C. § 3161(h)).

In a multiple defendant case, the Speedy Trial Act clock ordinarily starts from the final defendant's appearance. United States v. Pena, 793 F.2d 486, 488-89 (2d Cir. 1986).  "[C]ases involving multiple defendants are governed by a single speedy trial clock . . . and delay attributable to any one defendant is charged against the single

clock, thus making the delay applicable to all defendants." Id. at 489; see also United States v. Gambino, 59 F.3d 353, 362 (2d Cir. 1995) (same). A delay must, however, be "reasonable;" as the Second Circuit has held, the joinder of a new defendant after an earlier-joined defendant's speedy trial right has already been violated does not "reset" the earlier-joined defendant's speedy trial clock to "zero." Gambino, 59 F.3d at 362. As a corollary, if any individual defendant's speedy trial clock was not violated through the time of appearance of the last defendant, and was tolled continuously after that point, there is no violation.

Defendants Baldwin, Holly, Dockery, Hobson, Williams, Cobb, Edwards, and Jowers were arraigned on the original indictment on January 11, 2008. Defendant McCown was arraigned on January 16, White on January 17, and Glover on January 30. Defendant Sherman was arraigned on February 7, and defendants Hoggard, Marte, Rawls, and Thames were arraigned on February 8. At the time of the February 8 arraignments, no individual defendant's Speedy Trial clock had run, so the clock for all defendants would have started the next day at the earliest. The court held a status conference on February 13, 2008, in which it granted the motions of defendant McCown to Continue Jury Selection and defendant White to extend the time for filing pretrial motions. At the status conference, for reasons stated on the record, the court found that the ends of justice in granting the continuance through June 3, 2008, outweighed the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). This finding operated to toll the speedy trial clock until June 3, 2008, when jury selection was set. Rawls moved, however, on May 29, 2008, to Continue Jury Selection for "a period of 60 days from that date since counsel has not completed

his investigation in this matter and is not ready to commence trial at the present time." Motion for Continuation of Jury Selection [Doc. No. 313]. The court granted Rawls's motion and set Jury Selection for November 3, 2008.[2]

On June 18, 2008, the court entered an order excluding time pursuant to 18 U.S.C. § 3161(h)(8):

> It appearing that due to further pretrial disclosure and issues related thereto, and the unavailability of counsel in this multi-defendant case, the requested continuance [Rawls' Motion to Continue] is in the best interest of the defendants, and outweighs the public interest in a speedy trial, the Court finds that the time period of delay from June 3, 2008 to and including November 3, 2008 is hereby excluded pursuant to Title 18, U.S.C. 3161(h)(8).

Therefore, the speedy trial clock is tolled for all defendants through November 3, 2008, and will not have expired by the time of the trial of the first five defendants, scheduled for November 3, 2008. In fact, the seventy-day clock has not starting running and remains at zero.

Even absent the court's findings under 18 U.S.C. § 3161(h)(8), on February 13, 2008 and June 18, 2008, the speedy trial clock has been tolled by the filing, litigation, and disposition of pretrial motions. See 18 U.S.C. § 3161(h)(1)(F). For example, Rawls, who argues vigorously in favor of dismissal, took advantage of the extension requested by defendants McCown and White to file several pre-trial motions, including a Motion to Compel Disclosure of Identity of Confidential Informant and Related Exculpatory and Impeachment Information on March 11, 2008, a Motion to Suppress on March 17, 2008, and a Motion for Disclosure of Interview Notes on March 17, 2008.

---

[2] Furthermore, no defendant's speedy trial clock had run as of the date that the last defendant, Charles Bunch, was arraigned on the original indictment—June 16, 2008.

The government responded to these motions and other motions filed through April 2, 2008, on April 18, 2008. [Doc. No. 284]. Defendant Baldwin made motions on April 18, 2008, and the government responded on April 22, 2008. The court held a hearing to consider the issues raised by these motions on June 9, 2008. Rawls made an amended Motion to Suppress on June 12, 2008. The filing of pre-trial motions also operates to toll the seventy-day clock through thirty days <u>after</u> the final filing or hearing necessary to decide the motion, or the issuance of a ruling, whichever comes first. <u>See</u> 18 U.S.C. § 3161(h)(1)(F); <u>Henderson v. United States</u>, 476 U.S. 321, 326-31 (1986). The court ruled on Rawls's Motions to Suppress on June 18, 2008, less than 30 days after the hearing on the first motion.

 Other defendants filed pretrial motions in June, July, August, September, and October. <u>United States v. Pena</u>, 793 F.2d 486, 488-89 (2d Cir. 1986). The filing of pretrial motions by any defendant operates to toll the clock. <u>See</u> <u>Pena</u>, 793 F.2d at 488-89 ("[D]elay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants."). The court held a Motion hearing on September 25, 2008, during which it ruled on some motions and took others under advisement. Within 30 days after that hearing and before rulings had issued on all of the motions, defendants filed additional pretrial motions. Therefore, as of this writing, the speedy trial clock remains tolled as to all defendants due to the filing and pendency of pretrial motions. Thus, there has been no violation of the seventy-day Speedy Trial Act clock. Further, given that this case originally contained seventeen defendants, the extensive discovery involved, the numerous motions filed and scheduling challenges involved with seventeen defense attorneys, the court finds that ten months from

indictment or arrest to trial in some cases and a year in others is reasonable. As the next section will discuss, the procurement of a superseding indictment does not change these conclusions.

## II.   SUPERSEDING INDICTMENT

The Speedy Trial Act does not contain the words "superseding indictment." See 18 U.S.C. § 3161. In United States v. Roman, the Second Circuit extensively considered how to treat a superseding indictment under the Act. 822 F.2d 261 (2d Cir. 1987). The court noted that section 3161(h)(6) provided for an analogous situation—when an indictment was dismissed on the government's motion and then another charge was filed "for the same offense, or any offense required to be joined with that offense." Id. at 263-64. In that situation, the speedy trial clock is "tolled during the period of the time after dismissal . . . and on the new indictment the clock resumes from the point at which it stopped when the original indictment was dismissed." Id.

The court determined that the same rule should be applied to superseding indictments. Quoting the Second Circuit's Guidelines Under the Speedy Trial Act, the court explained that, "where the original indictment is pending when the subsequent charge is filed . . . the offenses contained in the superseding indictment shall inherit both the 70-day time clock of the original indictment and the exclusions granted thereunder." Id. at 264. The court noted that "our courts have routinely applied exclusions granted under original indictments to superseding indictments." Id. at 265. It also approvingly quoted a Third Circuit opinion in which the defendant made similar arguments to those made by defendants in the instant case. In that case, United States v. Novak, defendants had argued that the seventy-day clock ran from the filing of the

-6-

original indictment, but that exclusions granted for motions pertaining to the original indictment should not be applied to the superseding indictment. The Third Circuit rejected that argument, declaring that "[t]he appellant cannot have it both ways: if the Speedy Trial clock starts to run with the filing of the original indictment, it must stop for excluduable delays pertaining to that indictment." Id. at 265 (quoting United States v. Novak, 715 F.2d 810, 813 (3d Cir. 1983)).

In United States v. Kelly, the Second Circuit again considered the interaction between a superseding indictment and the Speedy Trial Act. 45 F.3d 45 (2d Cir. 1995). In Kelly, the original indictment was filed on December 3, 1991. Id. at 46. A superseding indictment that added an additional charge was filed on May 19, 1992, six and a half months after the original indictment, and a second superseding indictment was filed on June 30, 1992, adding two additional counts. Id. The court found that the time between the filing of any superseding indictment and the arraignment of a defendant on that indictment also operated to toll the speedy trial clock. Id. at 47-48. The court ordered certain counts dismissed because the speedy trial clock had run before trial, but reaffirmed Roman's holding that "exclusions granted under the original indictment apply to charges carried over in a superseding indictment" and even a subsequent superseding indictment, "assuming that the government had not acted in bad faith or with a dilatory motive, neither of which appear on this record." Id. at 48. The court did not consider the almost 6-month delay between the original indictment and second superseding indictments to be dilatory. Similarly, in Roman, the court did not voice any objection to the 4-month delay between the original and superseding indictments. See Roman, 822 F.2d at 262.

In the instant case, certain defendants have also argued that waiting more that 30 days to file a new indictment requires dismissal of that indictment under 18 U.S.C. § 3161(b), which provides that indictments "shall be filed within thirty days from the date on which such individual was arrested . . . ."  Though this argument has superficial appeal, the Speedy Trial Act does not require dismissal of the instant case.

Section 3161(b) must be read in conjunction with the portion of the Speedy Trial Act that provides sanctions for the violation of the thirty day rule:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) [the thirty day rule] as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1) (emphasis added).  Reading these provisions together, courts have found that where a complaint charges a certain set of facts in violation of a certain statute, the portion of an untimely superseding indictment[3] that charges the same facts in violation of the same statute (where such charges were not first brought in a timely indictment) must be dismissed.  See, e.g., United States v. Palomba, 31 F.3d 1456, 1462-64 (9th Cir. 1994).  However, dismissal is not warranted in other situations.  For example, where an untimely superseding indictment pleads charges arising under the same statute as those contained in the complaint, but those charges differ substantially in "time, place and manner" from the criminal episodes "apparent on the face of the complaint," dismissal is not required.  See Palomba, 31 F.3d at 1464.  Neither is dismissal required where an untimely superseding indictment pleads the same charges

---

[3]That is, an indictment filed more than 30 days after the initial complaint.

based upon the same facts as an earlier indictment. See United States v. Martinez-Espinoza, 299 F.3d 414, 416-17 (5th Cir. 2002) (explaining that where there is a timely and untimely indictment, the first indictment tolls the thirty-day clock "if the indictments charge an identical offense," and whether offenses are "identical" is determined by applying the "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932)); United States v. Carrasco, 257 F.3d 1045, 1052-53 (9th Cir. 2001) (holding that a superseding indictment, "issued while the original indictment was pending and which reasserted the same charge," even where it asserts additional factual allegations supporting the charge, inherits the (tolled) thirty-day clock of the original indictment); see also Palomba, 31 F.3d at 1462-64 (dismissing only portion of superseding indictment that alleged charges not in original indictment).[4]

Kelly and Roman focused on the seventy-day clock and therefore the issue of the thirty-day clock was not squarely presented in those cases. However, the facts and holdings of Kelly and Roman make clear that, in the Second Circuit, the filing of a superseding indictment more than thirty days after the defendant's arrest—where that indictment re-alleges the same facts and same violations as the original indictment, or entirely new charges, or both—does not violate the Speedy Trial Act provided that the seventy-day clock has not run on the original indictment.[5] Both Kelly and Roman featured a superseding indictment that re-alleged the counts from the original

---

[4] Additionally, where an untimely superseding indictment pleads charges under a different statute from charges alleged in a complaint, even where they arise from the same criminal episode or underlying facts, dismissal is not required. See United States v. Gaskin, 364 F.3d 438, 451 (2d Cir.2004).

[5] If the seventy-day clock has run, the filing of a superseding indictment, which "inherits the clock of the original," Gambino, 59 F.3d at 362, does not cure the violation.

indictment and added additional charges stemming from the same conduct. See Kelly, 45 F.3d at 46-47; Roman, 822 F.2d at 262. Neither the re-alleging of the same counts nor the addition of new counts posed a problem under the Speedy Trial Act.

The instant case did not involve conduct and statutory violations charged in a complaint and not charged in an indictment until the thirty-day clock had run, the only situation in which dismissal under sections 3161(b) and 3162(a)(1) is warranted. The government argues that the superseding indictment charges a different conspiracy than that originally charged in the complaint or original indictment, so the provisions of the thirty-day rule would not apply. While the government's argument is correct if the facts are as the government claims, the court takes no position on whether the superseding indictment re-charges the same conspiracy charged in the original indictment or charges two entirely new conspiracies.

The original indictment was based on the same charges and facts contained in the complaint with respect to Rawls and Hoggard. No complaint was filed in the case of the other defendants who have moved to dismiss. If the superseding indictment charged completely new conspiracies, then there would be no Speedy Trial Act violation because the charges would differ substantially in "time, place and manner" from those "apparent on the face of the complaint." See Palomba, 31 F.3d at 1464. Nor would there be a Speedy Trial Act violation if the superseding indictment merely split the original conspiracy count, timely charged in the original indictment, into two separate groups of defendants. In that case, the superseding indictment would inherit the tolled thirty-day clock of the original indictment. That conclusion also applies to any charges in the superseding indictment that were in the original indictment—that is, Counts

Three, Four, Five, and the Forfeiture Count of the superseding indictment.[6]

Finally, contrary to the defendants' arguments of delay, this case has been actively litigated.  Defendants have filed numerous pretrial motions, the court has conducted evidentiary hearings and status conferences, and the court has promptly scheduled the case for trial.  Nor can defendants argue that their ability to prepare for trial has been hampered.  Defendants have received discovery and been aware of the substance of the charges for many months, and have had ample time to prepare for trial.  No defendant has requested a continuance due to the changes made by the superseding indictment.  Furthermore, the government's decision to procure the superseding indictment was in part to address the objections of certain defendants that they were being tried together as a group with other defendants with whom they were arguably not associated.  Defendants cannot both demand severance and then object when it is effectively granted.

In short, the filing of a superseding indictment in this case does not create a Speedy Trial Act violation where one did not exist before, which it did not.

## III.    CONCLUSION

For the foregoing reasons, the court DENIES defendants' Motions to Dismiss the Superseding Indictment [**Docs. No. 457, 461, 462, 466, 467, 470, 476, 477, 480**].

---

[6]These counts inherit the tolled thirty-day clock of the original indictment and do not pose a Speedy Trial Act problem.  See Martinez-Espinoza, 299 F.3d at 416-17; Carrasco, 257 F.3d at 1052-53; see also Kelly, 45 F.3d at 46-47; Roman, 822 F.2d at 262.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of October, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge